UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MW (Minor Child), HAJA SILLAH, DEMBO WAGGEH,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAFEWAY, INC.,<br><br>　　　　　Defendant. | CASE NO. 2:18-cv-01404-RAJ-BAT<br><br>**ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL** |

Before the Court is the Stipulated Motion for Appointment of independent counsel for the minor MW from the Court's Pro Bono Panel, filed by Haja Sillah and Dembo Waggeh and Defendant Safeway Inc. Dkt. 53. The parties stipulated to the referral of the motion for approval of minor settlement to a United States Magistrate Judge. Dkt. 48. This matter was assigned to the undersigned for that purpose on July 24, 2019, and the instant motion referred on July 29, 2019.

In its July 26, 2019 Order, the Court declined the request for finding that the minor MW is represented by independent counsel, directed the parties to obtain independent counsel to perform the duties set forth under LCR 17, and indicated the Court would entertain a request for the appointment of independent counsel from the Court's pro bono panel based on MW's presumed lack of resources. According to counsel for the parties, MW is a seven (7) year old dependent minor child with no visible income or resources, whose combined investigations should have uncovered such income and resources if they existed. Dkt. 53, p. 2.

ORDER DIRECTING CLERK TO IDENTIFY
PRO BONO COUNSEL - 1

The Court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The record suggests that exceptional circumstances exist here: the parties have stipulated to a settlement of their disputed claims; LCR 17(c) and Washington law require an independent investigation and report to the Court on the fairness of a proposed settlement on behalf of a minor child; the minor plaintiff has no visible income or resources to pay for the services of independent counsel; and, the Court invited MW's counsel to file a motion for the appointment of independent counsel from the Court's pro bono panel. Dkt. 52.

Accordingly, the Court **GRANTS** the stipulated motion (Dkt. 53) and **DIRECTS** the Clerk to identify an attorney from the Pro Bono Panel to serve pro bono as independent counsel for the minor MW, performing the duties set forth under LCR 17 in connection with the proposed settlement of the claims of MW. *See* Dkt. 49. After the selected attorney has confirmed that s/he has no conflict of interest, the Court will issue an order directing appointment of counsel.

DATED this 29th day of July, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge